UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. |
| | ) | 5:18-cr-00172-DCR-MAS |
| v. | ) | and |
| | ) | Civil Action No. |
| PHILLIP MAURICE COLLINS, | ) | 5:19-cv-00406-DCR-MAS |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Petitioner Phillip Maurice Collins's ("Collins") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Collins alleges that he received ineffective assistance of counsel. [DE 54]. The United States responded in opposition [DE 59]. After reviewing the record in its entirety, the Court recommends Collins's motion be denied for the reasons stated below.

**I.    RELEVANT FACTUAL BACKGROUND**

On December 6, 2018, the grand jury returned an indictment charging Collins with possession with intent to distribute a mixture containing a detectable amount of fentanyl, a detectable amount of cocaine, and being a convicted felon in possession of a firearm. [DE 1].

On January 30, 2018, Collins appeared before the Court and pleaded guilty pursuant to a plea agreement. [DE 30 (Plea Agreement); DE 29 (Rearraignment)]. The Court conducted a Rule 11 plea colloquy with Collins. Collins was sentenced to seventy-eight (78) months imprisonment for each of the three counts, to be served concurrently. [DE 44 (Judgment)]. Collins, through counsel, appealed his conviction. [DE 45]. Collins then filed a motion to voluntarily dismiss the

appeal, which the Sixth Circuit granted. [DE 50]. Collins then timely filed the present Motion to Vacate, Set Aside, or Correct a Sentence. [DE 54].

## II.   ANALYSIS

In his motion, Collins advances two grounds as to why he received ineffective assistance of counsel. First, Collins contends that counsel "allowed the government to skate by on proving all four elements of 18 U.S.C. [§] 922(g)(1)," specifically noting counsel's failure to rely on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [DE 54, at Page ID # 259-60]. Second, Collins argues that counsel "wrongfully talked [him] into withdrawing his appeal." [*Id.* at 261]. The Court will address each of these arguments below.

To succeed on a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

Ineffective assistance of counsel, if proven, could constitute a constitutional error. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to said deficiency. *Id.* at 687. Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A showing of prejudice requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id.* at 694-95. Petitioner must adequately fulfill both components of the analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

2

A.     **COUNSEL DID NOT PROVIDE INEFFECTIVE ASSISTANCE OF COUNSEL BY OMITTING REFERENCE TO *REHAIF*.**

Collins's first claim turns on the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court elaborated on the specific requirements to uphold a § 922(g) conviction. Regardless of its effects on the law, the *Rehaif* decision occurred after Collins's final judgment. Counsel is not ineffective simply for not predicting a future change in the law. *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005); *see also Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009) (holding counsel not deficient for failing to foresee change in law). Counsel's actions are "evaluat[ed]" from "counsel's perspective at the time." *United States v. Peake*, No. 5:15-CR-52-JMH-CJS, 2019 WL 4308769, at *2 (E.D. Ky. Aug. 20, 2019), report and recommendation adopted, No. 5:15-CR-052-JMH-CJS, 2019 WL 4307863 (E.D. Ky. Sept. 11, 2019). Thus, this claim of deficient performance is unfounded for that reason alone.

Even setting that aside, *Rehaif* is inapplicable because Collins pleaded guilty. Post *Rehaif*, "[c]ourts considering § 2255 motions have declined to vacate a criminal defendant's sentence when he has pleaded guilty to the offense." *Malone v. United States*, No. 1:14CR438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019); *see e.g.*, *Thompson v. United States*, 2019 WL 5727976, at * 4 (E.D. Mo. Nov. 5, 2019) ("Because movant pleaded guilty ... and his case never went to trial, the burden of proof for the government had the case gone to trial, is irrelevant"); *Brewster v. United States*, 2019 WL 5076404, at 7-8 (W.D.N.C. Oct. 9, 2019); *United States v. Anderson*, 2019 WL 3806104, at *2 (N.D. Ala. July 26, 2019)). While *Rehaif* dissects the requirements to sustain a *jury conviction* under § 922(g), "because Petitioner pleaded guilty […] this contention is moot." *Malone*, 2019 WL 7049805, at *3. Collins's guilty plea contained all the factual and legal elements required to sustain his judgment and sentence. *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). The holding in *Rehaif* does not change this outcome.

Thus, the Court recommends Collins's request for relief be denied on this ground.

**B.    COLLINS VOLUNTARILY WITHDREW HIS APPEAL.**

Collins claims his former counsel, Hon. Benjamin D. Allen ("Allen"), "diligently talked him out" of appealing his sentence. [DE 54, at Page ID # 261]. Collins states Allen "warned that [Collins] would get more time by filing an appeal" because "Allen did not want to file the appeal." [*Id.*]. Collins argues this issue entitles him to an evidentiary hearing. [*Id.* at Page ID # 262].

"The failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment" and satisfies both prongs of the *Strickland* test. *Campbell v. United States*, 686 F. 3d 353, 357-58 (6th Cir. 2012). This, however, is not the case here where counsel did file an appeal. [*See* DE 45]. The initial filing of an appeal immediately casts doubt on Collins' contention that Allen did not want to file the appeal. Likewise, Allen's detailed affidavit documenting his communications with Collins portray a narrative that parallels that of the record.

Allen explains Collins requested Allen file a Notice of Appeal of appeal on May 29, 2019, which Allen did that day. [DE 59-1, at Page ID # 285-86]. Later that day, Collins contacted Allen, asking if an appeal could result in a remand of his case and a potential higher sentence at resentencing. [*Id.*]. When Allen informed him that was a possibility, Collins asked him to withdraw the appeal. [*Id.*]. The next day, Allen received a letter from Collins reaffirming his position and stating he did not want to continue with his appeal. [*Id.*]. On June 4th, 2019, Allen met with Collins, reassuring him that while he could receive a higher sentence, he could also receive a lower one. [*Id.*]. Collins stated that he had spoken to another attorney who had warned him of the risk of a higher sentence, and he wished to file a Motion to Dismiss his appeal. [*Id.*; *see also* DE 71 at Page ID # 393]. Collins signed a written authorization allowing Allen to file the

Motion to Dismiss the Appeal, and Allen did, which the Sixth Circuit granted soon after. [DE 59-1, at Page ID # 285-86; *see* DE 50].

Collins offered no reply to Allen's narrative, despite being granted an extension to file said reply. [DEs 60-61]. For a clearer view of the facts, the Court held a hearing. [DE 68]. Both Collins and Allen testified, giving their respective sides of past proceedings. [*Id.*]. Collins stated in his brief that Allen said he *would* receive a higher sentence, but the testimony at the hearing did not support this version of event. Rather, Collins testified Allen only "said it was a possibility" when inquiring about an appeal resulting in a higher sentencing. [DE 71, at Page ID # 381]. Collins explained, while he would have preferred to appeal, he "[didn't] want to do it" after considering his "kids and family" and the risk of a higher resentencing. [*Id.*, at Page ID # 376-77]. Allen's testimony matched his prior affidavit and the narrative illustrated by the relevant documents, showing Allen filed an initial Notice of Appeal and Collins signed a document authorizing Allen to file the later Motion to Dismiss with a full understanding of the ramifications of such a decision. [*See* DE 71 (Transcript); *see also* DE 59-1 (Affidavit)]. Thus, both Collins and Allen agree on the crucial fact that Allen informed Collins that an appeal *could* result in a higher sentence. [DE 71, at Page ID # 375, 391]. This is sound legal advice, far from falling below an objective standard of reasonableness.

As Collins stated in his brief, it is ultimately the accused who has authority to determine whether they should appeal. [DE 54, at Page ID # 261 (citing *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019))]. Collins did just that, deciding to file an initial Notice to Appeal. Collins then exercised this right further, contemplating his counsel's advice and weighing the risk of a potentially higher resentencing, when he withdrew his appeal. [DE 71, at Page ID # 376-77]. Accordingly, Collins's second ground for relief is meritless. Further, an evidentiary hearing is unnecessary, as the "motion

5

and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV.   RECOMMENDATION

For the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court **DENY**, with prejudice, Defendant's § 2255 motion [*See* DE 54]; and

2) the District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 8th day of May, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge