UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 18-172-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 19-406-DCR |
| ) | |
| PHILLIP MAURICE COLLINS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On October 2, 2019, Defendant/Movant Phillip Collins moved the Court to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. [Record No. 54] He essentially asserts two separate claims of ineffective assistance of counsel. [Record No. 54-1] First, he contends that his attorney, Benjamin D. Allen, was ineffective because he failed to consider *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and "allowed the government to skate by on proving all four elements of 18 U.S.C. § 922(g)(1)." [Record No. 54-1, pp. 3-4] Second, he argues that Allen was unconstitutionally deficient when he "talked him into" voluntarily withdrawing his direct appeal. [*Id.* at p. 5] He also requests an evidentiary hearing.

The matter was referred to United States Magistrate Judge Matthew A. Stinnett for the preparation of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stinnett held an evidentiary hearing on March 9, 2020. [Record No. 68] He issued a R&R on May 8, 2020, recommending that Collins' motion be denied on both grounds and that no Certificate of Appealability ("COA") issue. [Record No. 72]

Collins has not filed objections to the R&R. "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court has conducted a *de novo* review of the matter and agrees that relief is not warranted. Collins motion, therefore, will be denied, and no COA shall issue.

## I.

Collins pleaded guilty to three counts pursuant to a plea agreement on January 30, 2019: (1) possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 921(g)(1). [Record No. 30] As relevant here, the defendant admitted in paragraph 5 of his plea agreement the following facts that occurred on August 22, 2018:

> (c) Officers further located a Sig Sauer, Model P229, .40 cal. Pistol, serial number ADU05455, belonging to the Defendant under the Defendant's bed. The firearm contained six bullets in its magazine.
>
> (d) Prior to the Defendant's possession of the firearm, he had previously been convicted of a crime punishable by imprisonment for more than one year, and therefore was unlawfully in possession of the firearm. The Defendant further acknowledges and admits that the firearm had crossed a state line prior to his possession.

[*Id.* at ¶ 5(c)-(d)]

The Court sentenced Collins on May 17, 2019, to a term of 78 months' imprisonment, to be followed by a supervised release term of 6 years. [Record No. 44] Judgment was entered on May 20, 2019. [*Id.*] Collins contacted Allen on May 28, 2019, and indicated that he would

like his attorney to file a notice of appeal. [Record No. 59-1, p. 5] Allen complied with this request by filing a timely notice of appeal on May 29, 2019. [*Id.*]

On the afternoon of May 29, Allen received a phone call from Collins who asked whether he could potentially receive a more lengthy term of incarceration if the United States Court of Appeals for the Sixth Circuit were to vacate the sentence and remand for further proceedings. [*Id.*] Collins indicated at the evidentiary hearing held by Magistrate Judge Stinnett that he had heard that this was a possibility from other inmates where he was detained. [Record No. 71, pp. 13-14] Allen advised that this was a possibility but not a certainty. [Record Nos. 59-1, p. 5 and 71, pp. 24-25] Collins then stated that he wished to withdraw the appeal. He testified that, while he initially desired to appeal his case, "[w]hen he said I can get more time, I really was like, I really don't want to do it because, I mean, I was thinking about my kids and my family. I wasn't even thinking about me." [Record No. 71, pp. 9-10]

Allen had Collins send him written confirmation of his desire to voluntarily dismiss the appeal because he "wanted to make sure [he] had a clear expression of his intention to do so." [*Id.* at p. 25] However, he did not immediately file a motion to voluntarily dismiss the case after receiving Collins' letter confirming his decision. Instead, he met with Collins in person on June 4, 2019, to obtain a written waiver for the voluntary dismissal and again advised the defendant on his decision. [Record Nos. 59-1, p. 6 and 71, p. 26] Allen stated in his affidavit and at the hearing that he informed Collins that a higher sentence on remand was possible but that a lesser sentence on remand was also possible. [Record Nos. 59-1, p. 6 and 71, pp. 26-27] Allen did not indicate that the appeal was frivolous. [Record No. 71, pp. 26-27]

Collins signed the waiver and decided that withdrawing the appeal was the proper course of action. [*Id.* at p. 27] Thereafter, Allen filed a motion to voluntarily dismiss the

- 3 -

appeal on June 4, 2019, and the Sixth Circuit dismissed the direct appeal on June 5, 2019. [*Id.*; Record No. 50]

## II.

Relief under § 2255 is warranted only where the movant can demonstrate "the existence of an error of constitutional magnitude and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Collins argues that he did not receive effective assistance of counsel, a constitutional right ensured by the Sixth Amendment. A two-prong test governs such ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). "When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

"Whether counsel's performance was 'deficient' under the first prong is determined by reference to 'an objective standard of reasonableness'—specifically, 'reasonableness under prevailing professional norms.'" *Hendrix v. Palmer*, 893 F.3d 906, 921 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 688). "This inquiry 'consider[s] all the circumstances' of a particular case." *Id.* (quoting *Strickland*, 466 U.S. at 688-89). There is a "strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

"As to the second prong of the *Strickland* test, a [movant] must 'affirmatively prove prejudice.'" *Hendrix*, 893 F.3d at 921 (quoting *Strickland*, 466 U.S. at 693). "Counsel's errors must have 'actually had an adverse effect on [the movant's] defense." *Id.* (quoting *Strickland*, 466 U.S. at 693).

### III.

### A.

Collins' first claim that his attorney provided ineffective representation concerns Allen's alleged failure to account for the holding of *Rehaif* during his representation of the defendant before this Court. Prior to *Rehaif*, the United States was required to prove the following elements to convict a defendant of a violation of § 922(g)(1): "(1) that the defendant has a prior conviction for a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment; and (3) that the possession was in or affecting interstate commerce." *E.g.*, *United States v. Crowell*, 493 F.3d 744, 748 (6th Cir. 2007) (internal quotation marks and citations omitted). In *Rehaif*, the Supreme Court of the United States held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm*." *Rehaif*, 139 S. Ct. at 2200 (emphasis added). The Sixth Circuit has referred to the new component of § 922(g) firearm possession crimes as a "knowledge-of-status" element. *United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020).

As the magistrate judge correctly determined, Allen's performance before this Court was not constitutionally deficient for failing to consider *Rehaif*. *Rehaif* was decided on June 21, 2019, a month after Judgment was entered against Collins on May 20, 2019, and nearly five months after Collins entered a guilty plea on January 30, 2019. [Record Nos. 30 and 44] "Counsel is generally not 'constitutionally ineffective for failing to anticipate or foresee' a legal clarification." *United States v. Conley*, 290 F. Supp. 3d 647, 679 (E.D. Ky. 2017) (quoting *Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009) (*en banc*)). "[A]n attorney does not transgress *Strickland* by 'failing to anticipate [a future] Supreme Court . . . holding' or for 'lacking . . . prescience to anticipate [an] eventual holding[.]'" *Id.* (quoting *United States v. Burgess*, 142 F. App'x 232, 240 (6th Cir. 2005)).

And as noted, the reasonableness of attorneys' performances is evaluated by looking at prevailing professional norms at the time of the conduct at issue. Collins has not demonstrated that Allen's failure to consider the forthcoming knowledge-of-status element while representing him was contrary to such norms. In other words, even if Allen could have potentially raised a *Rehaif*-based argument in this case, Collins has provided no indication that he reasonably should have been expected to do so.

Additionally, the evidence does not support a finding of prejudice here because it is reasonable to conclude that Collins knew he was a convicted felon when he possessed the firearm that he admitted to possessing in the plea agreement. Collins pleaded to guilty to a § 922(g)(1) violation that the Indictment alleged to have occurred on August 22, 2018. [Record Nos. 1 and 30] The Presentence Investigation Report ("PSR") indicates that Collins was convicted of at least five crimes punishable by more than one year of imprisonment prior to August 22, 2018. [PSR ¶¶ 35-38, 40] And he actually served more than a year in prison for

three of these offenses. [*Id.* at ¶¶ 35-36, 40] Two of these terms of actual incarceration resulted from violations of parole or probation even though his prison terms were initially suspended. [*Id.* at ¶¶ 35, 40] However, the PSR indicates that one of his sentences was not suspended, and he was incarcerated from July 2001 through February 2004 prior to his parole. [*Id.* at ¶ 36] It is conceivable that Collins did not actually know that he had been convicted of a crime punishable by more than one year of imprisonment when he possessed a firearm on August 22, 2018. But the record strongly suggests that this is unlikely, and Collins has offered no evidence to the contrary.

Further, Collins' own arguments would not support relief under *Rehaif* or prejudice under *Strickland*. He contends that he "did not know about the firearm in question" and states that it belonged to his sister. This argument is unrelated to *Rehaif's* knowledge-of-status requirement. *See Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020) ("Matthews also argues that he did not knowingly possess a firearm. But *Rehaif* only addressed the scienter-of-status element of § 922(g)—it changed nothing about what it means to knowingly possess a firearm. So *Rehaif* does Matthews no good."). Regardless, Collins actually admitted to possessing and owning the firearm when he pleaded guilty. [*See* Record No. 30, ¶ 5(c)-(d)]

Collins also alleges multiple times that he "was not aware that he could not possess a firearm." [Record No. 54-1, p. 4] But this is an ignorance-of-the-law argument. "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). Instead, it mandated that the government prove that a defendant knew he had been convicted of a crime punishable by more than one

year of imprisonment, *i.e.,* that he was a convicted felon. *See Hobbs*, 953 F.3d at 855. Even if Collins could prove that he did not realize he was prohibited from possessing a firearm at the time he possessed it, such a showing would afford him no relief under *Rehaif* and would not demonstrate prejudice because it has no bearing on whether he knew he was a convicted felon when he possessed the firearm.

It is not entirely clear whether Collins alleges that he was prejudiced by Allen's plea negotiations because the government would not have been able to prove the knowledge-of-status element at trial or because he would not have chosen to enter a guilty plea had Allen considered the knowledge-of-status element. But to the extent Collins contends that he was prejudiced because the government would not have been able to prove that he knew he was a convicted felon, the Court rejects his claim based on his criminal background and his own insufficient supporting arguments.

And insofar as Collins believes that he was prejudiced because he would not have chosen to plead guilty if Allen had accounted for the then unknown knowledge-of-status element, the Court rejects this argument as well. "The Supreme Court has cautioned that '[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded,' but 'should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *Hobbs*, 953 F.3d at 857 (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). In *Hobbs*, the Sixth Circuit rejected the defendant's otherwise unsupported claim that he would have proceeded to trial if his indictment and plea agreement had accounted for *Rehaif's* knowledge-of-status element. *Id.* at 857-58. The court reasoned that "it would have been exceedingly easy for the government to prove at trial that Hobbs knew he was a felon when he committed the firearms offense" and

pleading not-guilty "would have cost Hobbs the potential benefit of his plea without gaining him anything." *Id.* at 858. The same is true in Collins' case. Even if Allen had considered the knowledge-of-status element, there is no evidence that the defendant would have rejected the plea agreement given his ostensible criminal background and the potential costs and benefits of doing so.

In summary, Collins has failed to demonstrate deficient performance or prejudice for his first ineffective assistance of counsel claim. Therefore, this claim will be dismissed.

**B.**

Collins also claims in his motion that Allen was constitutionally ineffective because he "diligently talked him" into withdrawing his appeal. [Record No. 54-1, p. 5] He argues that he "had legitimate issues regarding the firearm charge and the unreasonable enhancements of his sentence" and states that counsel did not want to appeal the case. *Id.* He contends that Allen should have withdrawn so that another attorney could represent him on appeal. *Id.*

A defendant maintains the ultimate authority as to whether he takes a direct appeal in a criminal case. *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019). Counsel has a constitutional duty to consult with a defendant about whether he desires to appeal if: (1) "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) [] this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). If one of these circumstances applies and counsel performs deficiently by not consulting the defendant, there is a presumption of prejudice. *Id.* at 484. Similarly, a *per se* Sixth Amendment violation occurs when a defendant expressly instructs counsel to appeal and counsel fails to perfect an appeal, regardless of whether the defendant previously waived his appellate rights. *E.g., Campbell v.*

- 9 -

*United States*, 686 F.3d 353, 359 (6th Cir. 2012) (citations omitted). The Sixth Circuit has also indicated that a lawyer's advice regarding the possibility of a higher sentence on remand due to the vindictiveness of a sentencing judge can constitute deficient performance when unqualified by additional information about the "ameliorating features of appellate law." *Huff v. United States*, 734 F.3d 600, 606-07 (6th Cir. 2013).

But here, the record evidences no deficient performance. Collins was sentenced on May 17, 2019, the Judgement was entered on May 20, 2019, Collins requested that Allen file a notice of appeal on May 28, 2019, and Allen filed that notice on May 29, 2019. The defendant testified at the hearing that other inmates at his place of detention informed him that he could receive a higher sentence on remand if the Sixth Circuit vacated his sentence on appeal. And it was the defendant who first mentioned this issue when he called Allen after the attorney filed the notice of appeal on May 29. Collins admits that he broached the subject, and nothing in the record suggests that the idea originated with Allen or that Allen tried to coerce him into agreeing to dismiss the appeal.

Allen duly advised his client that it was a *possibility* that he could receive a higher sentence on remand but did not indicate that it was probable. This was cogent advice, as district courts can sometimes impose higher sentences on remand depending on the circumstances of the case. *See*, *e.g.*, *United States v. Johnson*, 715 F.3d 179, 182 (6th Cir. 2013). Here, there is no evidence that Allen tried to persuade his client to dismiss the appeal by discussing the possibility of a vindictive sentence on remand. And most importantly, Collins admitted at the evidentiary hearing that he no longer wanted to pursue his appeal once Allen advised him that a higher sentence was possible because he was thinking about his family.

Allen received written confirmation that the defendant wished to dismiss the appeal, which in itself weighs against deficient performance. *See Frazier v. United States*, No. 17-12151-G, 2018 WL 6046417, at *6 (11th Cir. Oct. 31, 2018) ("Appellate counsel did not perform deficiently by moving to dismiss Frazier's direct appeal when he signed a form agreeing to dismiss the appeal."). He then met with his client in person on June 4 to discuss the matter again prior to withdrawing the appeal. Allen averred and testified that he informed Collins that he could also receive a lighter sentence if the Sixth Circuit were to vacate his sentence and remand the case. He stated that he discussed the merits of an appeal with the defendant and did not indicate that an appeal would be frivolous. Collins then signed a waiver, and Allen filed a motion to voluntarily dismiss the appeal the same day.

The record indicates that Collins made an informed decision to withdraw his appeal. Allen filed the notice of appeal at Collins' direction. Collins initiated conversations with his lawyer about voluntary dismissal. Allen consulted with the defendant about the issue on two occasions and appears to have appropriately counseled his client about the possibility of lesser and higher sentences. The evidence suggests that the decisions to appeal and then voluntarily dismiss the appeal were attributable to Collins, and there is no indication that Allen coerced the defendant into withdrawing the appeal. Thus, the defendant has failed to prove deficient performance, and this claim for ineffective assistance of counsel fails.[1]

### IV.

---

[1] Collins separates his *Rehaif* and appellate dismissal claims. However, the Court notes that an argument concerning Allen's failure to counsel his client against dismissing the appeal based on *Rehaif* would fail for the same reasons that the *Rehaif* argument regarding district court representation fails. *Rehaif* was not decided until after he filed the motion to voluntarily dismiss the appeal on June 5, 2019. Additionally, the *Rehaif* claim itself would be without merit on appeal for the reasons stated above.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2).  When the denial of a motion filed under § 2255 is based on a procedural ruling, the defendant must demonstrate that reasonable jurists would find it debatable whether the district court was correct in its ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Additionally, when a § 2255 is denied on the merits, the defendant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.

Reasonable jurists would not debate the Court's findings that Collins' *Rehaif*-based claim for ineffective assistance of counsel fails because Allen was not reasonably expected to anticipate the Supreme Court's subsequent decision and the evidence as well as the defendants' arguments do not support relief under its holding.  Further, reasonable jurists would not debate the Court's conclusion regarding the voluntary dismissal of the direct appeal because the evidence demonstrates that Allen appropriately counseled his client and Collins made an informed decision to withdraw the appeal without coercion.  Therefore, a COA will not issue.

## V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.Defendant/Movant Phillip Collins' motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [Record No. 54] is **DENIED** and his claims are **DISMISSED**, with prejudice.

2.Collins' request for an evidentiary hearing is **DENIED** as **MOOT**.

3. The magistrate judge's Report and Recommendation [Record No. 72] is **ADOPTED** and **INCORPORATED** by reference.

4. A Certificate of Appealability shall not issue.

Dated: June 11, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky